UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHAEL SCHAWE,

    Plaintiff,

v.

ALL COUNTY PAVING, INC. and
THOMPSON & ASSOCIATES, INC., CIVIL
ENGINEERING,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MICHAEL SCHAWE (hereinafter, "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, ALL COUNTY PAVING, INC. ("ALL COUNTY") and THOMPSON & ASSOCIATES, INC., CIVIL ENGINEERING ("THOMPSON"). In support of his complaint, Plaintiff would state the following:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for violation of the Florida Workers' Compensation laws under Fla. Stat. § 440.205.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided within West Park, Florida. Plaintiff is over the age of eighteen.

6. Defendant ALL COUNTY is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Delray Beach, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within Broward County, Florida, and is subject to the laws of the State of Florida.

7. Defendant ALL COUNTY is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant ALL COUNTY has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. Defendant ALL COUNTY, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

10. Defendant THOMPSON is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Fort Lauderdale, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within Broward County, Florida, and is subject to the laws of the State of Florida.

11. Defendant THOMPSON is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. At all times material to this Complaint, Defendant THOMPSON has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. Defendant THOMPSON, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Plaintiff, during all relevant times, was Construction Project Manager and regularly handled goods flowing through interstate commerce.

15. All the actions complained of herein took place while Plaintiff was assigned to a worksite in Miami Gardens, Florida.

16. Plaintiff has completed all conditions precedent to filing this action or such conditions have been waived.

## GENERAL ALLEGATIONS FOR OVERTIME CLAIM

17. Plaintiff was hired by THOMPSON on February 9, 2017 as a project manager for its worksite in Miami Gardens, Florida.

18. From that date until he was terminated on April 25, 2017, SCHAWE was managed by Tony Grout for all day-to-day work. Grout, upon information and believe, was an employee of ALL COUNTY.

19. Upon information and believe, SCHAWE's hours were set and managed by ALL COUNTY.

20. SCHAWE regularly worked 45-50 hours per week, of which the Defendants were aware.

21. SCHAWE was not exempt from overtime as he did not manage anyone in his position and did not exercise independent discretion which affected either employer.

22. Plaintiff's day-to-day tasks included preparing work orders, inputting data, and preparing cost estimates.

23. During the course of his employment, SCHAWE was paid $50/hour.

24. SCHAWE would clock in and out when he worked at Hard Rock Stadium (the worksite) but this record does not reflect time where he was working or answering emails but was not inside the stadium.

25. Defendants, upon information and believe, did not keep track of Plaintiff's hours.

26. Defendant ALL PAVING controlled the manner in which Plaintiff performed his work and the hours he was to work. However, Defendant THOMPSON actually paid Plaintiff.

27. Plaintiff was, at all times relevant, an employee of Defendants as that term is defined in Florida Statutes § 440.02(15)(a).

28. Defendants were, at all times relevant, "employer" as that term is defined in Fla. Stat. § 440.02 (16)(a).

**GENERAL ALLEGATIONS PERTAINING TO
FLORIDA STATUTE § 440.205**

29. About two weeks into SCHAWE's employment with Defendants, Plaintiff began suffering from intense coughing and difficulty breathing.

30. SCHAWE notified Bill Francis of THOMPSON and Mike Acetti of ALL COUNTY of his symptoms and that it was discovered that SCHAWE had been exposed to formaldehyde from materials on the worksite. SCHAWE had to use a breathing apparatus in order to perform his duties on-site.

31. SCHAWE advised THOMPSON and ALL PAVING of his injury on the job and his intention to file for workers' compensation.

32. On April 25, 2017, SCHAWE was terminated by Defendants. Defendants did not give Plaintiff a reason for his termination, other than simply they were "letting [him] go" because ALL PAVING did not want SCHAWE on the property any longer.

33. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

34. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT ONE – VIOLATION OF FLSA / OVERTIME**

35. Plaintiff re-alleges and re-avers paragraphs 1–28 as fully set forth herein.

36. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing Plaintiff for workweeks

longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

37. Specifically, SCHAWE worked approximately 45–50 hours during each work week in which he was employed, but was not paid for his overtime hours.

38. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he did not exercise independent discretion and did not actually manage anyone though he was given the title of Construction Project Manager.

39. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

40. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MICHAEL SCHAWE demands judgment for:

   a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

   b) Interest on the amount found due;

   c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT TWO—VIOLATION OF WORKERS' COMPENSATION LAWS

43. Plaintiff re-alleges and re-avers paragraphs 1-16 and 29-34 as though fully set forth herein.

44. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

45. On or about April 10, 2017, SCHAWE started experiencing difficulty breathing and coughing and immediately reported this to THOMPSON and ALL COUNTY.

46. It was determined from testing that SCHAWE was exposed to formaldehyde while he was on Defendants' worksite.

47. Plaintiff sought workers' compensation benefits for reimbursement of medical bills in accordance with the provisions of the Workers' Compensation Law.

48. On April 25, 2017, SCHAWE was terminated from his position without a valid reason. Prior to his injury, Plaintiff had received positive reviews and recommendations from his supervisor and was not made aware of any performance deficiencies.

49. It is clear that Defendants terminated SCHAWE because of his valid claim for compensation under the Workers' Compensation Law. Plaintiff's compensation claim was a motivating factor in Defendants' decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

50. Plaintiff's work record with Defendants prior to his termination was satisfactory.

51. Plaintiff, based on information and belief, alleges that Defendants' actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Bill Francis, Tony Grout, Mike Acetti and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendants in a sum according to proof at trial.

52. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff MICHAEL SCHAWE demands judgment for:

a) Plaintiff's lost wages and/or benefits as a result of his termination;

b) Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c) Interest on all monies owed;

d) Assessment against Defendants for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

e) A trial by jury; and

f) Any other relief this Court deems proper.

## JURY TRIAL DEMAND

Plaintiff MICHAEL SCHAWE hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: June 23, 2017.

**EISS MASSILLON, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: **/s/ CHARLES EISS**
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@eissmassillon.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
Lindsay@eissmassillon.com